UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NIHAL ERKAN,

                Plaintiff,                **REPORT & RECOMMENDATION**
-against-                                   **23 CV 7817 (DLI)(LB)**

LITTLE FOLKS SHOP 123 EAST, INC.,

                Defendant.
------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff Nihal Erkan commenced this action on October 19, 2023, alleging that defendant Little Folks Shop 123 East, Inc. violated the Americans with Disabilities Act ("ADA") by maintaining an inaccessible website. ECF No. 1. Plaintiff moved for entry of default, ECF No. 6, and the Clerk of Court entered defendant's default on December 20, 2023. ECF No. 7. The Court directed plaintiff's attorney Mars Khaimov to show cause why this case should not be dismissed for failure to prosecute on February 20, 2024, and plaintiff moved for a default judgment thereafter. ECF No. 8. The Honorable Dora Lizette Irizarry referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). As plaintiff fails to show that defendant was properly served with process, it is respectfully recommended that plaintiff's motion for a default judgment should be denied.

**DISCUSSION**

       It is axiomatic that proper service of the summons and complaint on a defendant is a prerequisite to a default judgment since, absent proper service, the court lacks personal jurisdiction over the defendant. Ray v. Choueka, No. 15-CV-4651, 683 F. Supp. 3d 427, 430 (S.D.N.Y. 2023) ("[A] Court must have personal jurisdiction over a defendant to enter a default judgment, and personal jurisdiction requires proper service of process" (quotation and citation omitted)). Federal

Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." "On a motion for default judgment, a plaintiff bears the burden of proving service was proper." Freedom Mortg. Corp. v. Monteleone, 628 F. Supp. 3d 455, 461 (E.D.N.Y. 2022). A "default judgment cannot be entered unless a defendant was given adequate notice of the claims alleged by plaintiff; notice, in turn, is established by the facts alleged in the complaint." J & J Sports Prods., Inc. v. Abdelraouf, No. 18-CV-2547, 2019 WL 457719, at *4 (E.D.N.Y. Feb. 5, 2019) (citation omitted).

The affidavit of service attached to plaintiff's motion for a default judgment states that the "summons" was served on "Manuel Doe(assistant Manager) [*sic*]" on November 2, 2023. ECF No. 8-2. But the affidavit of service plaintiff originally filed on the docket, ECF No. 5, is not the same as the affidavit plaintiff has filed with the instant motion. Rather, the original affidavit includes an additional state court document titled "Additional Notice of Lawsuit." Id. at 3 (hereafter "Notice of Lawsuit"). This document bears information related to this proceeding, but incorrectly describes it as one for "unpaid consumer debt" and misleadingly states that "[a]dditional information can be found at the New York State Court System website." Id. Plaintiff's counsel asserts that service on defendant was proper "pursuant to Business Corporation Law - BSC § 306." ECF No. 8, Khaimov Aff. ¶ 4.

Plaintiff's motion for a default judgment should be denied, as plaintiff fails to establish that defendant was properly served. Plaintiff's affidavit of service says nothing about service of the *complaint*. It refers only to service of the *summons*. An affidavit of service must state that the complaint was served—along with other essential facts—to constitute satisfactory proof of proper service. See e.g., Yoon v. Toothsavers Dental Lab'y, Inc., No. 19-CV-2283, 2020 WL 13580466, at *3 (E.D.N.Y. June 22, 2020) (finding that failure of affidavit of service to state that complaint

was served "is enough to find that Plaintiff failed to effectuate service of process"). As the affidavit of service in this case states only that the summons was served on defendant, plaintiff's motion for a default judgment should be denied.

Further muddying the waters, plaintiff apparently served defendant with a misleading state court Notice of Lawsuit that discusses an action to collect a consumer debt (which this case is certainly not).[1] See ECF No. 5. Service of a state court document that contradicts the substance of the federal complaint deprives defendant of adequate notice of the federal court case. Such contradictions render the complaint—even if it was served—not well-pleaded. It would be patently inequitable to grant plaintiff's motion for a default judgment where plaintiff needlessly confused defendant about the subject matter and forum of this suit. Moreover, the inconsistencies between the affidavit filed originally on the docket (which includes the Notice of Lawsuit) and the affidavit of service filed with the default judgment motion (which does not) undermine the reliability of the affidavit. Finally, although not a fatal error, plaintiff fails to cite the relevant provision of New York State Law to establish proper service, a mistake his counsel has made before. See Tarr v. Lucio Battisti, Inc., No. 23-CV-08795, 2024 WL 1580090, at *1 (S.D.N.Y. Apr. 11, 2024).

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion for a default judgment, ECF No. 8, should be denied. If this recommendation is adopted, plaintiff should

---

[1] Pursuant to New York Civil Practice Law And Rules ("C.P.L.R.") § 306-d, "in an action arising out of a consumer credit transaction" the plaintiff must file a "Notice of Lawsuit" form with the court clerk, who then mails the form to the defendant, before the court can enter default judgment. N.Y. C.P.L.R. § 306-d. The provision does not require service of the Notice of Lawsuit on the defendant by the plaintiff. Id.

It goes without saying that this matter—which concerns the accessibility of a website—does not arise out of a "consumer credit transaction." See C.P.L.R. § 105(f) (defining consumer credit transaction). Nor is this Court subject to the state procedures governing entry of a default judgment proscribed by § 306-d. Finally, the affidavit of service in this action states that unidentified "documents" were served. ECF No. 5 at 1. These issues all undermine plaintiff's request for a default judgment.

3

be afforded 14 days to file proof of proper service of the summons and complaint on defendant. Plaintiff should also be warned that if he fails to file proof of proper service within 14 days, the Court shall dismiss this action pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff's counsel shall also mail a copy of the summons, complaint, the motion for a default judgment, ECF No. 8, and this Report, to defendant at both its last known business address and to Saul Tawil, 123 E 23rd St, New York, NY, 10010-4501[2] and file proof that he has done so by May 28, 2024.

### FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 16, 2024
       Brooklyn, New York

---

[2] Defendant's registered agent as set forth on the New York Secretary of State's website.

4